WILLIAMS *v.* WILLIAMS.

(*Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

GEORGE D. OVEREND, JR., of Chattanooga, for plaintiff.

ANDREW A. WASSICK, of Chattanooga, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This cause is here on the technical record from the Circuit Court of Hamilton County from an order dis-

missing a petition for custody of a minor child. The suit arose out of a divorce action on which the final decree was entered July 24, 1941, wherein the wife was awarded the custody of a minor child.

On November 5, 1952, Wayne Williams filed in the Circuit Court of Hamilton County a petition seeking the custody of his minor child on the ground that the child was being grossly mistreated by the mother and her present husband. The plaintiff relied on Section 8454 of Williams' Code of Tennessee, which provides in substance that the cause shall remain in the control of the court and be subject to such changes or modifications as the exigencies of the case may require.

The former husband sets out in his petition all that has transpired between the parties since the granting of the divorce and the filing of the petition, including matters of alimony, conduct of the mother and her present husband and the neglect and mistreatment of the minor child.

The mother filed a motion to dismiss the petition on the ground that petitioner was in contempt of court for failure to pay alimony and that he was in arrears in paying alimony in excess of $900. The court sustained the motion to dismiss and this appeal resulted.

In *Bradshaw* v. *Bradshaw*, 23 Tenn. App. 359, 133 S. W. (2d) 617, 619, it is said:

"(4) 'Where he neglects to apply for a modification of the decree in spite of the fact that sufficient cause exists to warrant an alteration thereof, the mere existence of such grounds is not available as a defense to proceedings for contempt. * * * Once he has been committed, he can purge himself of the contempt only by showing that he has complied with the decree or has a legal excuse for noncompliance.'

1 R. C. L. 961, Sec. 104; 17 Am. Jur. 509, Sec. 670; ·Going v. Going, 148 Tenn. 522, 256 S W. 890, 31 A. L. R. 633.''

It is contended that the former husband .and father of the child has disobeyed the orders of the court in this suit of 1941 and he was therefore in contempt of court.

The father's petition herein states that in April, 1950 petitioner was discharged from a government hospital as an arrested tuberculosis patient and was awarded a total disability pension of approximately $200 per month and that he has been able to secure a position as a motion picture projectionist and for the past two and a half years has been able to hold a job at that trade. His pay for this work nets him after taxes and other deductions a little more than $100 per week. It is further contended by the father in his petition that he paid the sum provided by the decree of 1941 until his former wife and her present husband left Hamilton County .and took with them the minor child and moved to California, which, of course gave him no opportunity to see and visit the child.

The mother relies on the following holding in Bradshaw v. Bradshaw, supra:

" (10,11) If a party file a pleading while in contempt, it will be stricken from the file on motion. 2 Barb. Ch. Pr. 281-282; 1 Dan. Ch. Pr. 505-508; Gant v. Gant, 29 Tenn. 464, 10 Humph. 464, 53 Am. Dec. 736; Rutherford v. Metcalf, 6 Tenn. 58, 5 Hayw. 58.''

Now, in the present case, to repel the plaintiff without a hearing might jeopardize or interfere with the welfare of the minor child. Although the plaintiff, father, still is in contempt of court for nonpayment of alimony, yet we think that the paramount consideration is the welfare of the infant. See Smith v. Smith, 188 Tenn. 430 et seq., 220 S. W. (2d) 627, where it was again

stated by this Court that the welfare of the infant child is uppermost in the mind of the Court.

It results that the judgment of the lower court will be reversed and the case proceeded with consistent with this opinion.